```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
KENNETH MIDDLETON,

                Petitioner,          MEMORANDUM & ORDER
                                     09-CV-5548 (JS)(AKT)
        -against-

JAMES CONWAY,

                Respondent.
----------------------------------X
APPEARANCES:
For Petitioner:    Kenneth Middleton, pro se
                   Prisoner No. 05-A-4729
                   Attica Correctional Facility
                   P.O. Box 149
                   Attica, NY 14011-0149

For Defendants:    Ilisa T. Fleischer, Esq.
                   Nassau County District Attorney's Office
                   262 Old Country Road
                   Mineola, NY 11501

SEYBERT, District Judge:
```

Respondent has moved to dismiss Petitioner Kenneth Middleton's pro se 28 U.S.C. § 2254 Petition as untimely. For the following reasons, that motion is DENIED.

I. Respondent's Motion

On August 12, 2005, the County Court for Nassau County entered a judgment of conviction against Mr. Middleton. On June 3, 2008, the New York Appellate Division, Second Department, denied Mr. Middleton's appeal. On August 7, 2008, the New York Court of Appeals denied Mr. Middleton leave to appeal. Mr. Middleton did not seek a writ of certiorari before the United

States Supreme Court. Thus, for 28 U.S.C. § 2244(d) purposes, Mr. Middleton's conviction became final on November 5, 2008, when his time to seek certiorari expired. See Pratt v. Greiner, 306 F.3d 1190, 1195 n.1 (2d Cir. 2002). His one-year statute of limitations began running the next day, November 6, 2008. Mr. Middleton filed no applications for "State post-conviction or other collateral review," 28 U.S.C. § 2244(d)(2), and does not argue that his limitations period was otherwise tolled. So, as Respondent contends, it's undisputed that Mr. Middleton's limitations period expired on November 6, 2009. (Fleischer Aff. at 11.) The question is whether Mr. Middleton properly filed his petition by that date.

The Clerk of the Court did not docket Mr. Middleton's Petition until November 25, 2009. But Mr. Middleton signed and dated his Petition on "October 14, 2009." (Pet. at p. 5.) And Mr. Middleton contends that he gave his Petition to prison officials for mailing sometime between October 19 and October 29, 2009. (Middleton Opp. ¶¶ 1, 2, 4.) Thus, Mr. Middleton contends, under the "prison mailbox rule," the Court should deem his Petition timely filed. See Houston v. Lack, 487 U.S. 266, 276, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988).

Respondent contends that Mr. Middleton did not have his signature notarized or witnessed. (Fleischer Aff. ¶ 14.) Thus, Respondent contends, Mr. Middleton could have "backdated

2

his petition in order to make it appear that it was timely." (Id.) Respondent concedes, however, that "Attica Correctional Facility does not maintain a record of mail sent by inmates, so it is not possible to make an independent determination of the date on which petitioner actually submitted his petition." (Id. ¶ 15.) Despite this lack of evidence, Respondent claims that the sheer time disparity between Mr. Middleton's dating (October 19) and the Court's docketing of his Petition (November 25), supports an inference that Mr. Middleton backdated his Petition.

The Court disagrees. The Second Circuit has "never required prisoners to provide affidavits of service to verify when they give their documents to prison officials." Hardy v. Conway, 162 Fed. Appx. 61, 62 (2d Cir. 2006) And, "in the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing." Id. (collecting numerous cases); Colon v. Ercole, 09-CV-0746, 2009 WL 2633657, at *4 (S.D.N.Y. 2009). Here, Respondent freely concedes that they lack evidence disputing Mr. Middleton's version of events. And, if anything, the evidence presented supports Mr. Middleton. For instance, Mr. Middleton requested $5.20 for postage on October 19, 2009, and the Court received Mr. Middleton's in forma pauperis form on October 26, 2009.

3

(Fleischer Aff. ¶ 15.)  Consequently, Respondent's motion is DENIED.

II. Answer Date

Respondent requests that, if the Court denies its motion to dismiss, the Court afford it sixty days to answer Mr. Middleton's Petition.  This is excessive.  Respondent already received sixty extra days to answer or move.  See Docket No. 6.  And this initial generous extension led only to a motion that asked the Court to find, without any evidentiary support, that Mr. Middleton lied and backdated his Petition.  Given these facts, the Court will not permit Respondent to further delay these proceedings.  Respondent has only twenty (20) days to answer Mr. Middleton's Petition, and the Court will not grant Respondent any further extensions, absent either Mr. Middleton's consent or substantial good cause.

                                                       SO ORDERED.

                                              /s/ JOANNA SEYBERT
                                              Joanna Seybert, U.S.D.J.

Dated:    Central Islip, New York
            November 30, 2010